UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CLAUD M. THOMAS,

        Plaintiff/Appellant,                        No. C 09-4093 PJH

                                                        **ORDER TO SHOW CAUSE**

       v.

MICHAEL J. ASTRUE, Commissioner of
Social Security,

        Defendant/Appellee.
_____/

       This is a social security appeal filed by appellant Claud Thomas nearly a year ago on September 3, 2009. The court previously granted Thomas three extensions of time to file his motion for summary judgment. The last extension was granted on June 11, 2010, at the same time the court granted Thomas' attorney, Marc Kalagian's May 27, 2010 motion to withdraw as counsel of record.

       In its June 11, 2010 order, the court gave Thomas until July 2, 2010 to notify the court regarding whether he had retained substitute counsel or chose to proceed in pro per. The court also extended the time for Thomas to file his motion for summary judgment until July 23, 2010. The court also advised Thomas that it would be his **final** extension.

       To date, Thomas has failed to file either the notification re: counsel OR his motion for summary judgment in compliance with the court's orders. The court hereby issues an ORDER TO SHOW CAUSE why Thomas' appeal should not be dismissed for failure to prosecute, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. If

1 Thomas fails to file a written response to this order to show cause and fails to file his
2 motion for summary judgment **within fourteen days** of the date of this order, the
3 appeal will be dismissed for failure to prosecute.

4 Because it appears that Thomas is now proceeding pro se, the court provides
5 him with the following guidance in preparing his motion for summary judgment.

### **Summary Judgment**

7 You have asked this court to review a decision by the Commissioner of Social
8 Security. Congress has given the district courts the ability to review such decisions.
9 Based upon a review of the pleadings filed by you and the Commissioner, and upon a
10 review of the transcript of the record[1] filed by the Commissioner with the court, this court
11 may affirm, modify or reverse a decision by the Commissioner. 42 U.S.C. §405(g).

12 The courts of this circuit have determined that a motion for summary judgment is
13 an appropriate procedure for reviewing a decision by the Commissioner. *See Beane v.*
14 *Richardson*, 457 F.2d 758, 759 (9th Cir. 1972). Pursuant to Local Rule 16-5, it is your
15 burden as plaintiff to bring such a motion. In bringing this motion, you have three basic
16 tasks: (1) identify the portion of the Commissioner's decision that you believe is
17 incorrect; (2) explain why you believe the Commissioner's decision is incorrect; and (3)
18 identify (a) the legal authority (if any) that establishes the Commissioner's decision is
19 incorrect and/or (b) the portions of the factual record (if any) that establish that the
20 Commissioner's decision is incorrect.

21 In drafting the motion for summary judgment, you must keep in mind the
22 standard of review this court applies to the findings of the Commissioner of Social
23 Security. The Commissioner's findings may be set aside only if they are based on legal
24 error or are not supported by substantial evidence. *See Reddick v. Chater*, 157 F.3d

---

[1] A copy of the transcript of record (administrative record) was also served upon you. It includes a transcript of the hearing held by the Commissioner in your case as well as relevant documents relied upon by the Commissioner in reaching the appealed decision. Each page of the record is numbered in the top right corner. Please refer to those page numbers when citing to particular portions of the record.

1  715, 720 (9th Cir.1998) (*citing Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir.1996)).
2  "The findings of the Commissioner of Social Security as to any fact, if supported by
3  substantial evidence, shall be conclusive." *See* 42 U.S.C. 405(g).  "Substantial evidence
4  is more than a scintilla, but less than a preponderance.  [It is] relevant evidence which a
5  reasonable person might accept as adequate to support a conclusion." *Reddick*, 157
6  F.3d at 720 (*citing Jamerson v. Chater*, 112 F.3d 1064, 1066 (9th Cir.1997)).  To
7  determine whether substantial evidence supports the Commissioner's findings, the court
8  "must review the administrative record as a whole, weighing both the evidence that
9  supports and the evidence that detracts from the Commissioner's conclusion." *Id.*  If the
10 evidence can reasonably support either affirming or reversing the Commissioner's
11 conclusion, the court may not substitute its judgment for that of the Commissioner. *See*
12 *id. (citing Flaten v. Secretary of Health & Human Servs.*, 44 F.3d 1453, 1457 (9th
13 Cir.1995)).

## CONCLUSION

Thomas is ORDERED to file a response to the court's order to show cause AND his motion for summary judgment in accordance with this order on or before **September 3, 2010.**  A copy must be served on the Commissioner.  Thomas is advised that if such a motion is not filed, the court will dismiss his appeal with prejudice.

**IT IS SO ORDERED.**

Dated: August 19, 2010

_____
PHYLLIS J. HAMILTON
United States District Judge